1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. ALVAREZ,                          No. C 11-373 SI (pr)

       Petitioner,                          **ORDER ON INITIAL REVIEW**

       v.

RAUL LOPEZ, warden,

       Respondent.
_____/

**INTRODUCTION**

    George J. Alvarez, an inmate at the Corcoran State Prison, filed this <u>pro se</u> action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

    Alvarez states in his petition that he was convicted in the Monterey County Superior Court of kidnapping, robbery and rape and was sentenced in March 2002 to 48 years to life in prison.  He does not provide the dates therefor, but indicates that his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court.  He also apparently filed habeas petitions in state court before filing this action.

    Alvarez then filed this action, seeking a writ of habeas corpus.  His petition has a proof of service indicating that it was mailed to an unstated entity on November 25, 2010.  The petition was stamped "received" on December 3, 2010 at the United States Court of Appeals for the Ninth Circuit.  The petition came to this court from petitioner in an envelope with a January 21,

1   2011 postmark and was stamped "filed" on January 25, 2011.

2   ## DISCUSSION

3   This court may entertain a petition for writ of habeas corpus "in behalf of a person in

4   custody pursuant to the judgment of a State court only on the ground that he is in custody in

5   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose</u>

6   <u>v. Hodges</u>, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order

7   directing the respondent to show cause why the writ should not be granted, unless it appears

8   from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §

9   2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District

10  Courts, a district court may also order the respondent to file another pleading where neither

11  summary dismissal nor service is appropriate.

12  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

13  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ

14  of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital

15  state convictions or sentences must be filed within one year of the latest of the date on which:

16  (1) the judgment became final after the conclusion of direct review or the time passed for

17  seeking direct review; (2) an impediment to filing an application created by unconstitutional

18  state action was removed, if such action prevented petitioner from filing; (3) the constitutional

19  right asserted was recognized by the Supreme Court, if the right was newly recognized by the

20  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate

21  of the claim could have been discovered through the exercise of due diligence. <u>See</u> 28 U.S.C.

22  § 2244(d)(1). Time during which a properly filed application for state post-conviction or other

23  collateral review is pending is excluded from the one-year time limit. <u>See</u> <u>id.</u> § 2244(d)(2).

24  The petition in this action was filed more than a year after petitioner's conviction became

25  final, and may be untimely under the AEDPA's one-year limitation period. This apparent

26  procedural problem should be addressed before the court reaches the merits of the claims raised

27  in the petition. If the petition is time-barred, the litigants and court need not expend resources

28

addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing

Section 2254 Cases In The United States District Courts,  respondent must either (1) move to

dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is

of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1.      The clerk shall serve by certified mail a copy of this order and the petition upon

respondent and respondent's attorney, the Attorney General of the State of California.  The clerk

shall also serve a copy of this order on petitioner.

2.      Respondent must file with the court and serve upon petitioner, on or before

**June 3, 2011**, a motion to dismiss the petition or a notice that respondent is of the opinion that

a motion to dismiss is unwarranted.

3.      If petitioner wishes to oppose the motion to dismiss, he must do so by filing an

opposition with the court and serving it upon respondent on or before **July 8, 2011**.

4.      Respondent may file and serve a reply on or before **July 29, 2011**.

5.      The motion will be deemed submitted as of the date the reply brief is due.  No

hearing will be held on the motion.  If respondent notifies the court that a motion to dismiss is

unwarranted or the motion to dismiss is decided against respondent, the court will then

determine whether to require an answer to the petition.

IT IS SO ORDERED.

DATED: April 7, 2011

_____
SUSAN ILLSTON
United States District Judge